It is plain from the face of the agreement that in exchange for dismissing his appeal, the agency agreed to allow Hernandez to be enrolled in the PPP for a one-year period after the effective date of the agreement. As part of the settlement agreement, the agency agreed (a) that it would remove a reprimand from Hernandez's record, (b) that "[b]ecause of the removal of the Decision of Reprimand, the appellant is now eligible to be re-considered for registration" in the PPP under the agency's regulations, and (c) that Hernandez would be "re-considered for placement in the PPP for a period of one year beginning 7 calendar days after the last signature on this Agreement." Pet'r App. 57. Hernandez received no other consideration under the agreement. Construing the settlement agreement as giving the agency the option not to enroll Hernandez in the PPP would come close to rendering the settlement agreement illusory.[1] Such a construction is disfavored. *See* 5 Margaret N. Kniffin, *Corbin on Contracts* § 24.22 at 234–35 (rev. ed. 1998) ("When the words of the contract indicate that a party has promised to perform, such words should not be interpreted so as to make the promise illusory, even if the context may show an intent to leave performance subject to the party's broad discretion." (footnote omitted)). We thus construe the settlement agreement as requiring the agency to enroll Hernandez in the PPP program for twelve months after the effective date of the settlement agreement.

Because the agency enrolled Hernandez in the PPP for only four and one-half months and not twelve months after the settlement agreement, we hold that the agency breached the settlement agreement. On remand, the MSPB should consider an appropriate remedy for this breach. Accordingly, we *reverse and remand.*

### COSTS

No costs.

FERNANDEZ INNOVATIVE
TECHNOLOGIES, L.L.C.,
Plaintiff–Appellant,

v.

GENERAL MOTORS CORPORATION,
Onstar Corporation, and Toyota Motor Sales, U.S.A., Inc., Defendants–Appellees.

No. 2008–1533.

United States Court of Appeals,
Federal Circuit.

May 5, 2009.

Kara L. Szpondowski, Niro, Scavone, Haller & Niro, of Chicago, IL, argued for

---

1. *See Torncello v. United States,* 231 Ct.Cl. 20, 681 F.2d 756, 769–70 (1982) (en banc) (A contract must "ensure[ ] that each party necessarily will end up performing in a way that reflects some binding obligation," and a contract in which a party had the option of not performing would be invalid because such an option would not be "sufficient for consideration if it alone had been bargained for."); *Restatement (Second) of Contracts* § 77 cmt. a (1981) ("Words of promise which by their terms make performance entirely optional with the 'promisor' do not constitute a promise.").

plaintiff-appellant. With her on the brief were Paul K. Vickrey, and Patrick F. Solon.

Craig D. Leavell, Kirkland & Ellis, LLP, of Chicago, IL, argued for defendants-appellees. With him on the brief were John T. Hickey, Jr., Tiffany P. Cunningham, Edward M. Siegel, and Christopher M. Kaiser.

Before NEWMAN, LOURIE, RADER, GAJARSA, and MOORE, Circuit Judges.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

**Farouk ELKASSIR, Petitioner,**

v.

**GENERAL SERVICES ADMINISTRATION, Respondent.**

**No. 2009–3061.**

United States Court of Appeals, Federal Circuit.

May 11, 2009.